299 F.Supp.2d 997 (2003)
In re NORTHWESTERN CORPORATION SECURITIES LITIGATION
No. CIV 03-4049.
United States District Court, D. South Dakota, Southern Division.
October 15, 2003.
*998 *999 Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Lionel Z. Glancy, Glancy & Binkow, Los Angeles, CA, for Dana Ross.
Thomas K. Wilka, Hagen, Wilka & Archer, P.C., Sioux Falls, SD, Darren J. Robbins, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, David Lavine, Dennis J. Herman, Patrick J. Coughlin, Reed R. Kathrein, Willow E. Radcliffe, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, for Carpenters Pension Trust for Soutehrn Cal.
Thomas K. Wilka, Hagen, Wilka & Archer, P.C., Sioux Falls, SD, Arthur L. Shingler, III, Scott & Scott, LLC, San Diego, CA, Darren J. Robbins, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, David Lavine, Dennis J. Herman, Patrick J. Coughlin, Reed R. Kathrein, Willow E. Radcliffe, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, for Oppenheim Investment Management, LLC.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, David A. Rosenfeld, Samuel H. Rudman, Cauley, Geller, Bowman, Coates & Rudman, LLP, *1000 Melville, NY, F. Andre Delfi, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for John Gremillion, Jr.
Thomas K. Wilka, Hagen, Wilka & Archer, P.C., Sioux Falls, SD, Guri Ademi, Shpetim Ademi, Ademi & O'Reilly, LLP, Cudahy, WI, for Samuel E. Christen, Alan G. Stevens, John LaGalante, Caman Investments Inc.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, David A. Rosenfeld, Samuel H. Rudman, Cauley, Geller, Bowman, Coates & Rudman, LLP, Melville, NY, F. Andre Delfi, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, Karen M. Hanson, Richard A. Lockridge, Lockridge, Grindal, Nauen, P.L.L.P., Minneapolis, MN, for William Pelak.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Andrew Schatz, Jeffrey S. Nobel, Nancy A. Kulesa, Schatz & Nobel, P.C., Hartford, CT, for Joseph Wood, Jr.
Todd D. Epp, Abourezk Law Offices, PC, Sioux Falls, SD, Ira M. Press, Kirby, McInerney & Squire, New York, NY, Lionel Z. Glancy, Glancy & Binkow, Los Angeles, CA, for Grace Liberoff, Leon Feigin.
Thomas K. Wilka, Hagen, Wilka & Archer, P.C., SD, Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Alfred G. Yates, Law Offices of Alfred G. Yates, Jr., Pittsburgh, PA, Azra Z. Mehdi, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, Curtis Trinko, New York, NY, Darren J. Robbins, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, David Lavine, Dennis J. Herman, Patrick J. Coughlin, Reed R. Kathrein, Willow E. Radcliffe, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, David R. Scott, Michael A. Swick, Scott & Scott, LLC, Colchester, CT, Guri Ademi, Ademi & O'Reilly, LLP, Cudahy, WI, Kenneth A. Wexler, Kenneth A. Wexler & Associates, Chicago, IL, Lee Squitieri, Stephen J. Fearon, Squitieri & Fearon, LLP, New York, NY, Paul J. Scarlato, Weinstein, Kitchenoff, Scarlato, Karon & Goldman Ltd., Philadelphia, PA, for Arthur Laufer.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, David R. Crosby, Elizabeth Kramer, Michael G. Taylor, Stephen M. Qinlivan, Leonard, Street & Deinard, PC, Minneapolis, MN, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, for Merle D. Lewis.
John Patrick Mullen, Victoria M. Duehr, Bangs, McCullen, Butler, Foye & Simmons, Sioux Falls, SD, David J. Stagman, Mary Ellen Hennessy, Sheldon T. Zenner, Katten, Muchin, Zavis, Rosenman, Chicago, IL, for Kipp D. Orme.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Edward Han, Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Karol K. Denniston, Paul, Hastings, Janofsky & Walker, LLP, Atlanta, GA, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, for Northwestern Corp.
Jeremiah D. Murphy, Vance R.C. Goldammer, Murphy, Goldammer & Prendergast, LLP, Sioux Falls, SD, David P. Pearson, Karl E. Robinson, Winthrop & Weinstine, P.A., Minneapolis, MN, for Richard R. Hylland.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, David R. Crosby, Elizabeth Kramer, Michael G. *1001 Taylor, Stephen M. Qinlivan, Leonard, Street & Deinard, PC, Minneapolis, MN, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, for Daniel K. Newell.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, for Eric R. Jacobsen.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Steven W. Sanford, Cadwell, Sanford, Deibert & Garry, LLP, Sioux Falls, SD, Edward Han, Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, J. Christian Word, Latham & Watkins, Reston, VA, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, Paul H. Dawes, Latham & Watkins, LLP, Menlo Park, CA, Michele F. Kyrouz, Latham & Watkins, LLP, San Francisco, CA, for Gary G. Drook.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, for Northwestern Capital Financing I, Northwestern Capitol Financing II, Northwestern Capitol Financing III.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, David R. Crosby, Elizabeth Kramer, Michael G. Taylor, Stephen M. Qinlivan, Leonard, Street & Deinard, PC, Minneapolis, MN, Edward Han, Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Morgan J. Miller, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, for David A. Monaghan.
Steven W. Sanford, Cadwell, Sanford, Deibert & Garry, LLP, Sioux Falls, SD, J. Christian Word, Latham & Watkins, Reston, VA, Michele F. Kyrouz, Latham & Watkins, LLP, San Francisco, CA, Paul H. Dawes, Latham & Watkins, LLP, Menlo Park, CA, for Randy G. Darcy, Jerry W. Johnson, Larry F. Ness, Bruce I. Smith.
Timothy R. Shattuck, Woods, Fuller, Shultz & Smith, Sioux Falls, SD, John A. Neuwirth, Joseph S. Allerhand, Miranda S. Schiller, Weil, Gotshal & Manges, LLP, New York, NY, for Morgan Stanley & Co., Inc., Credit Suisse First Boston Corp., UBS Warburg LLC, Merrill Lynch, Pierce, Fenner, and Smith, Inc., Salomin Smith Barney, Inc, Prudential Securities Inc., Prudential Financial, Inc.
Timothy R. Shattuck, Woods, Fuller, Shultz & Smith, Sioux Falls, SD, John A. Neuwirth, Joseph S. Allerhand, Weil, Gotshal & Manges, LLP, New York, NY, for Merrill Lynch & Co., Inc., Morgan Stanley.
Mark F. Marshall, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Grace A. Carter, John A. Reding, Jr., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, William F. Sullivan, Paul, Hastings, Janofsky & Walker, LLP, San Diego, CA, for Expanets, Inc., Blue Dot Services, Inc.
Thomas J. Welk, Christopher Wayne Madsen, Boyce, Greenfield, Pashby & Welk, LLP, Sioux Falls, SD, Stephen E. *1002 Hermann, Richards, Layton & Finger PA, Wilmington, DE, for Wilmington Trust Co.
David R. Crosby, Elizabeth Kramer, Michael G. Taylor, Stephen M. Qinlivan, Leonard, Street & Deinard, PC, Minneapolis, MN, for Kurt Whitesel.
Michael J. Schaffer, Schaffer Law Office, Prof. LLC, Sioux Falls, SD, David J. Goldsmith, Emily C. Komlossy, Jonathan M. Plasse, Goodking, Labatin, Rudoff & Sucharow, LLP, New York, NY, for Ariel Holding, LLC.
Todd D. Epp, Abourezk Law Offices, PC, Sioux Falls, SD, Ira M. Press, Kirby, McInerney & Squire, New York, NY, Lionel Z. Glancy, Glancy & Binkow, Los Angeles, CA, for Northwestern Capital Financing Investor Group.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Brian Barry, Los Angeles, CA, Robert C. Susser, New York, NY, for James Sutton.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Andrew L. Barroway, Darren J. Check, Stuart L. Berman, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for Davidson Group.
David L. Nadolski, Steven James Morgans, Lynn, Jackson, Shultz & Lebrun, Sioux Falls, SD, Douglas M. McKeige, Eitan Misulovin, Javier Bleichmar, Bernstein, Litowitz, Berger & Grossmann, New York, NY, Jay W. Eng, Michael J. Pucillo, Wendy H. Zoberman, Berman, Devalerio, Pease, Tabacco, Burt & Pucillo, West Palm Beach, FL, Jeffrey C. Block, Boston, MA, Joseph Tabacco, San Francisco, CA, for Fresno County Employees' Retirement Ass'n, Louisiana School Employees' Retirement Ass'n.
Ronald A. Parsons, Jr., Steven M. Johnson, Johnson, Heidepriem, Miner, Marlow & Janklow, Sioux Falls, SD, Joseph H. Weiss, Richard A. Acocelli, Weiss & Yourman Law Offices, Jules Brody, Stull, Stull & Brody, New York, NY, for Sanford & Beatrice Golman Family Trust.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Thomas K. Wilka, Hagen, Wilka & Archer, P.C., Sioux Falls, SD, Curtis Trinko, New York, NY, Darren J. Robbins, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, David Lavine, Dennis J. Herman, Patrick J. Coughlin, Reed R. Kathrein, Willow E. Radcliffe, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, David R. Scott, Michael A. Swick, Scott & Scott, LLC, Colchester, CT, Guri Ademi, Shpetim Ademi, Ademi & O'Reilly, LLP, Cudahy, WI, for Carpenters Pension Trust for Southern Cal.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Thomas K. Wilka, Hagen, Wilka & Archer, P.C., Sioux Falls, SD, Arthur L. Shingler, III, Scott & Scott, LLC, San Diego, CA, Curtis Trinko, New York, NY, Darren J. Robbins, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, David Lavine, Dennis J. Herman, Patrick J. Coughlin, Reed R. Kathrein, Willow E. Radcliffe, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, David R. Scott, Michael A. Swick, Scott & Scott, LLC, Colchester, CT, Guri Ademi, Shpetim Ademi, Ademi & O'Reilly, LLP, Cudahy, WI, for Oppenheim Investment Management, LLC, Richard C. Slump.
Timothy J. Dougherty, Dougherty & Dougherty, Sioux Falls, SD, Andrew L. Barroway, Darren J. Check, Stuart L. Berman, Schiffrin & Barroway, LLP, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for Thomas N. Davidson Thomas Coombe Melvin S. Cutler George Selby Thomas J. Gruenwald.

*1003 MEMORANDUM OPINION AND ORDER
PIERSOL, Chief Judge.
Pending before the Court is a Motion by the NorthWestern Capital Financing Investor Group for Reconsideration of the Court's June 12, 2003 Order, Doc. 63, appointing a Lead Plaintiff and counsel. The Lead Plaintiff, a group comprised of Carpenters Pension Trust for Southern California, Oppenheim Investment, LLC and Richard Slump (also referred to herein as "the Carpenters Group"), filed an opposition to the reconsideration motion. The NorthWestern Capital Financing Investor Group ("NorthWestern Capital") submitted a reply brief. For the reasons set forth below, the reconsideration motion will be granted to the extent that the Court will reconsider the appointment of the Carpenters Group as Lead Plaintiff, but will be denied in all other respects.

BACKGROUND
On June 12, 2003, the Court issued an Order consolidating seven lawsuits alleging that NorthWestern Corporation and several other defendants violated federal securities laws by issuing materially false and misleading press releases, prospectuses, registration statements and financial statements overstating NorthWestern's revenues and earnings. In the same Order, the Court appointed the Lead Plaintiff and approved the selection of Milberg Weiss Bershad Hynes & Lerach, LLP and Scott + Scott, LLC as co-lead counsel, with the law firms of Hagen, Wilka & Archer, P.C. and Dougherty & Dougherty, LLP being approved as co-liaison counsel. In an Order dated July 21, 2003, the Court consolidated an additional lawsuit that was originally filed in New York and transferred to this Court.
Seven motions for appointment as lead plaintiff were filed on May 23, 2003. NorthWestern Capital asserts that the Court did not allow sufficient time for full briefing before ruling on the lead plaintiff motions. That is correct. Thus, the Court has reconsidered the original motions, and has considered all opposition briefs filed on June 12, 2003 as well as all submissions regarding the reconsideration motion filed by NorthWestern Capital and Lead Plaintiff.
Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court previously found that the Carpenters Group was the most adequate plaintiff because it made a proper motion to be appointed lead plaintiff, it had the largest financial interest in the relief sought in these consolidated actions and it otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. (Order, June 12, 2003.) The presumption of most adequate plaintiff is rebuttable by proof that the presumptively most adequate plaintiff (a) will not fairly and adequately protect the interest of the class, or (b) is subject to unique defenses that render it incapable of adequately representing the class. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).
In its lead plaintiff motion and brief in support, NorthWestern Capital requested that it be appointed as lead plaintiff on behalf of the trust preferred shareholders of business trusts affiliated with NorthWestern Corporation. The position taken by Northwestern Capital in this initial motion and brief was that the lawsuits involving the purchase of trust preferred securities from NorthWestern Capital Financing I, II and III, three business trusts related to NorthWestern Corporation, should be coordinated with but not consolidated with the lawsuits involving the purchase of NorthWestern Corporation common stock. The amount of loss asserted by North- *1004 Western Capital was $556,320.33 on the trust preferred securities.
In its Omnibus Opposition filed on June 12, 2003, opposing the lead plaintiff motions filed on May 23, 2003, NorthWestern Capital asserted the following: (1) the Carpenters Group is not a properly constituted group under the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4, such that only its individual member's losses should be considered in evaluating the group's financial interest for purposes of the most adequate plaintiff determination; (2) the Carpenters Group does not have standing to pursue certain of the class' claims; (3) because the Carpenters Group is not a proper group, NorthWestern Capital has the largest financial interest and is the most adequate plaintiff; and (4) NorthWestern Capital is the proper lead plaintiff because it is the only group with claims under both the Securities Act of 1933 ("the 1933 Act") and the Securities Exchange Act of 1934 ("the 1934 Act"). It was in this Omnibus Opposition that NorthWestern Capital first mentioned its losses on purchases of common stock in the amount of $300,034.60 and decreased the amount of claimed losses on its purchases of trust preferred securities to $475,549.33.
The grounds asserted in the Omnibus Opposition for Northwestern Capital's argument that the Carpenters Group is not a properly constituted group are: (1) the members have no prior relationship; (2) they have not presented a plan for working together to advocate the potential class' claims; and (3) all of the Carpenters Group's members purchased their securities in the aftermarket and do not have standing to bring claims under the 1933 Act. NorthWestern Capital requested that if the Court determined the Carpenters Group was a properly constituted group and was appointed lead plaintiff, that NorthWestern Capital be appointed lead plaintiff of a subclass of purchasers of trust preferred securities.
In its brief in support of the reconsideration motion, NorthWestern Capital now adopts several arguments advanced in the Response of The Fresno County Employees' Retirement Association and Louisiana School Employees' Retirement System In Opposition to Competing Motions for Appointment As Lead Plaintiff (Doc. 30) filed on June 12, 2003, the same date NorthWestern Capital filed its Omnibus Opposition to the competing lead plaintiff motions (Doc. 33). The new arguments presented in NorthWestern Capital's reconsideration motion are: (1) Carpenters Pension Trust for Southern California is a professional plaintiff; (2) Oppenheim Investment Management, LLC did not submit a proper sworn certification because the certification submitted was of the "former" president; (3) Oppenheim is not a proper plaintiff because it did not suffer losses itself, rather its clients suffered losses; and (4) lead counsel appointed by the Court has a conflict of interest because the firm is prosecuting another civil lawsuit seeking monetary damages from some of the same defendants named in this action.
In response to the reconsideration motion, the Carpenters Group contends that NorthWestern Capital asked to be appointed as lead plaintiff solely on behalf of trust preferred securities purchasers in its motion to be appointed lead plaintiff, asserting a loss of $556,320.33 on trust preferred securities. It was not until the brief in opposition to the lead plaintiff motions was filed on June 12, 2003, that NorthWestern Capital included a request to be appointed lead plaintiff of the entire purported class, decreasing its claimed loss on trust preferred securities to $475,549.33, but asserting an additional loss of $300,034.60 on the purchase of common *1005 stock. The Carpenters Group contends the additional common stock losses should not be considered in determining who has the largest financial loss because that amount was not included in its motion to be appointed lead plaintiff in accordance with the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).
The Carpenters Group further asserts that under NorthWestern Capital's rationale regarding standing, NorthWestern Capital would be an inadequate lead plaintiff because it did not purchase any securities of NorthWestern Capital Financing Trust I or III or any shares in the NorthWestern Corporation's common stock offering. Regarding the argument that Carpenters is a possible professional plaintiff, the Carpenters Group points out that NorthWestern Capital has produced no evidence that the Carpenters Pension Trust for Southern California is the same as the United Brotherhood of Carpenters Pension Fund that has been involved in several lawsuits. As to the argument that Oppenheim is not a proper lead plaintiff because it did not suffer a financial loss, the Carpenters Group contends that a majority of courts find investment managers adequate for purposes of serving as lead plaintiff. Addressing the argument that Joel Oppenheim signed the sworn certification as "former" president, the Carpenters Group submitted a supplemental declaration of Joel Oppenheim explaining that reference. To counter the argument that they are an unrelated group that has no plan to work together, the Carpenters Group filed a joint declaration by the three members of their group as well as individual declarations explaining that they have a plan to work together as a cohesive group to prosecute this action. The Carpenters Group further points to the declarations of two additional investors, Alan G. Stevens and John LaGalante, to support their argument that they have standing to sue under both the 1933 Act and the 1934 Act because these two investors suffered losses on their purchases of NorthWestern preferred securities and they will be seeking to serve as class representatives.
In reply, NorthWestern Capital basically asserts the same arguments set forth in its initial brief on the reconsideration motion, but emphasizes that the additional investors who submitted declarations, Stevens and LaGalante, and a third investor, Caman, who has not submitted a declaration, should not be considered by the Court in determining whether the Carpenters Group was properly appointed Lead Plaintiff.
The Consolidated Class Action Complaint for Violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, Doc. 127, was filed on July 21, 2003. In addition to the three parties named as Lead Plaintiff, the following additional persons or institutions are named as Plaintiffs: Alan Stevens, John LaGalante, Samuel Christen, Caman Investments, Inc., Grace J. Mitchell and Steven Szafara. Both claims under the 1933 Act and the 1934 Act are included in the consolidated complaint.

DISCUSSION
The Ninth Circuit explained that the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." In re Cavanaugh, 306 F.3d 726, 732 (9th Cir.2002). Thus, the first question to be *1006 answered is who has the largest financial stake in this litigation.
In the June 12, 2003 Order being reconsidered, the Court set forth the claimed financial losses of each of the competing lead plaintiff movants. It is clear from the claimed losses that the Carpenters Group, with a loss of $1,075,436, has the largest financial loss in this litigation. The question raised by NorthWestern Capital, however, is whether the Carpenters Group is a proper "group" for purposes of the PSLRA, such that the three individual member's losses can be combined for purposes of the largest financial stake inquiry. For the reasons set forth below, the Court concludes the Carpenters Group is a proper group under the PSLRA.
The PSLRA explicitly allows a "group of persons" to be appointed as a lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, as recognized by the District Court for the District of Columbia, "[t]he text of the PSLRA does not limit the composition of a `group of persons' to those only with a pre-litigation relationship, nor does the legislative history provide a sound enough foundation to support such a gloss." In re Baan Co. Securities Litigation, 186 F.R.D. 214, 216 (D.D.C.1999). The Court is satisfied based upon the Joint Declaration submitted by the three members of the Carpenters Group that they will work as a cohesive group and each has a significant financial incentive to maximize the recovery for all NorthWestern securities' holders involved in this action. They are in regular contact about the ongoing prosecution of the case; they have a process in place for conducting the litigation; they have a mechanism in place to call emergency meetings if necessary; and, they have established a procedure to resolve disagreements.
One of the arguments advanced by NorthWestern Capital is that the Carpenters Pension Trust for Southern California is a professional plaintiff because it is the same entity as the United Brotherhood of Carpenters Pension Fund, which NorthWestern Capital contends has been a lead plaintiff in more than five securities class action lawsuits during a three-year period. NorthWestern Capital has not pointed to any evidence to support its allegation that the two entities are the same. The Court does not find sufficient evidence in the record to disqualify Carpenters Pension Trust for Southern California as a professional plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(vi).
Another argument made by NorthWestern Capital is that Joel Oppenheim's certification is invalid because he signed it as the "former" president. This argument was first made by Fresno in its June 12, 2003 opposition to the lead plaintiff motions. The PSLRA requires a sworn certification by any person or entity seeking to be a lead plaintiff in a securities class action. See 15 U.S.C. § 78u-4(a)(2)(A). The only defect identified in Oppenheim's initial certification was the reference to "former" president. Joel Oppenheim filed a supplemental certification explaining his authority to sign the first certification. He founded Oppenheim Investment Management, LLC, in 1996 and is currently the Managing Member of that entity. The Court is satisfied that Mr. Oppenheim has the authority to authorize Oppenheim Investment Management, LLC to participate as a lead plaintiff in this lawsuit.
NorthWestern Capital also contends that Oppenheim, as an investment manager, rather than an investor itself, is not qualified to serve as a lead plaintiff. Investment advisors have been appointed as part of lead plaintiff groups by several courts and the Court finds those courts' *1007 decisions persuasive. See EZRA Charitable Trust v. Rent-Way, Inc., 136 F.Supp2d 435, 442-43 (W.D.Pa.2001) (citing cases). Similar to other investment managers who have been appointed lead plaintiffs in federal securities class actions, Oppenheim has total and complete discretion in selecting investment securities for its clients and has a significant financial and business interest in attempting to recover the money allegedly lost by its clients.
In an attempt to disqualify Lead Counsel from representing the purported class, NorthWestern Capital contends that Milberg Weiss may have a conflict of interest. The conflict may have arisen when Milberg Weiss filed a complaint alleging violations of the securities laws in the Northern District of California and named as defendants NorthWestern Corporation, Merle D. Lewis, Richard R. Hylland and Daniel K. Newell. Citing Krim v. pcOrder.com, 210 F.R.D. 581, 589 (W.D.Tex. 2002), NorthWestern Capital contends an inherent conflict arises when there are identical defendants in competing actions because recovery is limited to finite sources. Lead Plaintiff contends this is a "throw-away" argument and cites to Dietrich v. Bauer, 192 F.R.D. 119, 126-27 (S.D.N.Y.2000). The Court was concerned that Lead Counsel characterized the conflict of interest question a "throw-away" argument and required additional briefing on this issue. After receiving the additional briefing, Doc. 211 and 274, the Court is satisfied that Lead Counsel is not disqualified from representing Lead Plaintiff in this action because Lead Counsel's role in the California action was limited and that role was terminated before the Court ruled on the reconsideration motion.
NorthWestern Capital's argument regarding standing is premature at this stage in the case. The Court favorably mentioned in the June 12, 2003 Order that the Lead Plaintiff was the only group seeking to be lead plaintiff to have allegedly suffered losses from both the purchase of NorthWestern's common stock and preferred securities at issue in this action. That observation was made in addressing the typicality of the Carpenters Group's claims to the purported class' claims. While it may be favorable, it is not a requirement that a lead plaintiff under the PSLRA suffer losses on each type of security that may be at issue in the class action. "The purpose of the lead plaintiff section of the PSLRA was never to do away with the notion of class representatives or named plaintiffs in securities class actions. Rather, the purpose was to ensure that securities litigation was investor-driven, as opposed to lawyer-driven." In re Initial Public Offering Securities Litigation, 214 F.R.D. 117, 123 (S.D.N.Y. 2002); see Aronson v. McKesson HBOC, Inc., 79 F.Supp.2d 1146, 1150-51 (N.D.Cal. 1999) (refusing to appoint separate lead plaintiffs based on their different theories of recovery involving different showings of scienter and proof because all claims were based on the same financial disclosures). Thus, the three members of the Carpenters Group appointed as Lead Plaintiff need not have suffered a loss on each type of security at issue to serve as the Lead Plaintiff in this litigation.
Regarding the typicality issue, NorthWestern Capital initially characterized its claims as follows: "that defendants violated the Securities Act and the Exchange Act by publicly disseminating a series of false and misleading statements concerning NorthWestern's business operations and financial condition." (Memorandum of Points and Authorities in Support of the Motion of the Northwestern Capital Financing Investor Group For Appointment as Lead Plaintiff and for Approval of its Selection of Lead Counsel, *1008 filed May 23, 2003, at 12.) It further explained that its group, like other holders of trust preferred securities, purchased their preferred securities "during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby." (Id.) These are the same type of allegations made by the Carpenters Group and by purchasers of other types of NorthWestern securities. The Consolidated Class Action Complaint sets forth claims under both the 1933 Act and the 1934 Act based upon the allegedly false and misleading statements urged by NorthWestern Capital as the basis for its claims. The Court affirms the finding that, based upon the current record, the Carpenters Group's claims are typical of the claims of the purported class. See Fed.R.Civ.P. 23(a)(3). Furthermore, based upon the current record, the Court finds the Lead Plaintiff will fairly and adequately protect the interest of the purported class. See Fed.R.Civ.P. 23(a)(4).
Having reconsidered the June 12, 2003 Order, appointing the Carpenters Group as the Lead Plaintiff and approving its selection of Lead Counsel, the Court affirms the rulings in that Order and will deny NorthWestern Capital's request to set aside the Order and appoint it Lead Plaintiff of either the entire class or a subclass of purchasers of trust preferred securities. Accordingly,
IT IS ORDERED:
1. That the Motion by the NorthWestern Capital Financing Investor Group for Reconsideration of the Court's June 12, 2003 Order, Doc. 63, is granted to the extent that the Court reconsidered the Order, but is denied in all other respects.